UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD M. DUMANIS,

                    Plaintiff,                  07-CV-6070 (CJS)

     -vs-

                                                   DECISION AND ORDER

CITIBANK (SOUTH DAKOTA), N.A., and
Doe Corporations A, B, and C, constituting any
other Citibank entities responsible for the wrongs
alleged herein,

                    Defendants.

_____

APPEARANCES

For the Plaintiff:                Kenneth A. Payment, Esq.
                                 Carol L. O'Keefe, Esq.
                                 Harter Secrest & Emery LLP
                                 1600 Bausch and Lomb Place
                                 Rochester, New York 14604-2711

For Defendant Citibank
(South Dakota) N.A.:          Julia B. Strickland, Esq.
                                 Stroock & Stroock & Lavan
                                 2029 Century Park East
                                 Los Angeles, California 90067

                                 Daniel B. Berman, Esq.
                                 Hancock & Estabrook, LLP
                                 1500 AXA Tower 1
                                 100 Madison Street
                                 Syracuse, New York 13202

INTRODUCTION

This is a proposed class-action brought against the defendant, Citibank (South

Dakota) N.A., by a holder of a credit card, which the bank issued, alleging violations of

the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*., breach of contract, fraud,

and violations of the New York General Business Law ("NYGBL").  Now before the

Court Defendant's motion to compel arbitration and to stay this action pending the

outcome of arbitration proceedings [#15].  For the reasons that follow, the application is

granted.

BACKGROUND

In or about 1999, the plaintiff Edward Dumanis ("Plaintiff") and Defendant

entered into a written agreement ("the Card Agreement"), pursuant to which Defendant

issued Plaintiff a Citibank Platinum credit card.  The Card Agreement contained a South

Dakota choice-of-law provision.  The Card Agreement also contained a provision

permitting Defendant to change the agreement.  In October 2001, Plaintiff received

written notice that Defendant was amending the Card Agreement, by adding an

arbitration provision.  The arbitration notice informed Plaintiff that he could "opt out" of

the arbitration provision, and still retain the use of his card until it expired.  Plaintiff,

however, did not exercise his right to opt out.  The arbitration provision itself indicated,

among other things, that either Plaintiff or Defendant could elect mandatory, binding

arbitration to resolve any dispute between them, and that "arbitration replaces the right

to go to court, including the right to a jury and the right to participate in a class action."

However, the arbitration clause reserved to either party the right to bring non-class

action claims in small claims court.  The arbitration clause further indicated that

Defendant would pay certain costs associated with arbitration, such as the cost of the

first day's hearing, and that Defendant would advance, and possibly pay, any other

costs.

In December 2004, Plaintiff received a written offer from Defendant, indicating

2

that Plaintiff could transfer balances from other credit cards to his Citibank Platinum

card, at an interest rate of "1.99% APR until transferred balances are paid in full."

Plaintiff accepted the offer and transferred balances, totaling approximately $22,200.00,

from several other credit cards to his Citibank Platinum card.  Subsequently, Defendant

notified Plaintiff that the 1.99% interest rate would only remain in effect for one year,

after which the rate would increase significantly.  Plaintiff telephoned Defendant to

complain about this change in terms, and a customer service representative assured

Plaintiff that the notice was an error, and that the 1.99% interest rate would remain in

effect until the transferred balances were paid in full.  However, beginning in April 2006,

Defendant increased Plaintiff's interest rate on the transferred balances to 19.74%

APR.  Plaintiff subsequently commenced this action, on behalf of himself and on behalf

of a class of Citibank card holders who allegedly were also denied the benefit of the

1.99% interest rate on transferred balances.

Defendant has now moved to stay this action, and to compel Plaintiff to arbitrate

his claim on an individual basis, as required by the Card Agreement.  However, Plaintiff

contends that the arbitration provision is unconscionable and therefore should not be

enforced.  Plaintiff alleges, in that regard, that the Card Agreement is a contract of

adhesion, and that the arbitration clause is unfairly one-sided because it primarily limits

the rights of cardholders.  Alternatively, Plaintiff contends that, even if he must arbitrate

his claim, it would be unconscionable to enforce the class action waiver provision under

the circumstances of this case.  Specifically, Plaintiff contends that arbitration may be

cost-prohibitive for individuals, who, having suffered only small monetary damages,

might not bother to pursue their rights.  Plaintiff further suggests that, without a class

action notice, some card holders may not realize that they have been harmed.  Finally,

Plaintiff warns that the lack of a class-action mechanism might provide an incentive for

Defendant to commit fraud involving small sums of money against a large number of

card holders.

On October 18, 2007, counsel for the parties appeared before the undersigned

for oral argument.  The Court, having thoroughly considered the parties' written

submissions and the arguments of counsel, now grants Defendant's application to stay

this action and compel arbitration.

DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § § 1 *et seq.*, governs arbitration

clauses in contracts affecting interstate commerce.  In relevant part, Section 2 of the

FAA provides that

> [a] written provision in any . . . contract evidencing a transaction involving
> commerce to settle by arbitration a controversy thereafter arising out of
> such contract or transaction, or the refusal to perform the whole or any
> part thereof, or an agreement in writing to submit to arbitration an existing
> controversy arising out of such a contract, transaction, or refusal, shall be
> valid, irrevocable, and enforceable, save upon such grounds as exist at
> law or in equity for the revocation of any contract.

9 U.S.C.A. § 2.  In that regard, "the party resisting arbitration bears the burden of

proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin.*

*Corp.-Alabama v. Randolph*, 531 U.S. 79, 91, 121 S.Ct. 513, 522 (2000).

Although, as Plaintiff admits, "[t]he FAA severely limits the bases upon which Mr.

Dumanis may oppose the motion to compel arbitration,"[1] he maintains that the

---

[1]Plaintiff's Memorandum of Law at 9.

4

arbitration clause is unconscionable and unenforceable.  Unconscionability is, of course, a ground for revocation of a contract, and in that regard, "questions of contractual validity relating to the unconscionability of the underlying arbitration agreement must be resolved first, as a matter of state law, before compelling arbitration pursuant to the FAA." *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003) (citation omitted).  In this case, it is undisputed that, due to the Card Agreement's choice of law provision, the issue of unconscionability must be resolved using the law of South Dakota.  Under South Dakota law, a court considering whether a contract is unconscionable must "focus on both 'overly harsh or one-sided terms,' i.e., substantive unconscionability; and how the contract was made (which includes whether there was a meaningful choice), i.e., procedural unconscionability." *Nygaard v. Sioux Valley Hosp. & Health Sys.*, 731 N.W.2d 184, 195 (S.D. 2007).

Plaintiff points out that "the highest court of South Dakota has not squarely addressed the issue" presented here,[2] nor, for that matter, have the state's lower courts.  Lacking any persuasive South Dakota authority, Plaintiff urges the Court to adopt the reasoning of the courts of the State of California, as expressed by the Supreme Court of California in *Discover Bank v. Superior Court*, 36 Cal.4th 148, 162-63, 113 P.3d 1100, 1110 (2005):

> We do not hold that all class action waivers are necessarily unconscionable. But when the waiver is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small

---

[2]Plaintiff's Memo of Law at 4.

sums of money, then, at least to the extent the obligation at issue is governed by California law, the waiver becomes in practice the exemption of the party "from responsibility for [its] own fraud, or willful injury to the person or property of another." (Civ.Code, § 1668.)  Under these circumstances, such waivers are unconscionable under California law and should not be enforced.

As to his argument, Plaintiff candidly admits that he is asking this Court to adopt the minority position among courts in the United States. (Pl. Memo of Law at 4) ("Plaintiff respectfully submits that the equities of the argument [concerning the arbitration clause's class-waiver provision], if not the weight of authority, supports the invalidation of the class arbitration waiver provision.") The Court, however, declines to do so, since there is no indication that the Courts of South Dakota would side with Plaintiff.  On this point, the Court notes that federal courts in California, applying South Dakota law, have enforced arbitration clauses similar or identical to the one at issue here. *See, e.g., Egerton v. Citibank, N.A.*, No. CV036907DSF(PLAX), 2004 WL 1057739 at *3 (C.D.Cal. Feb. 18, 2004) ("Plaintiff cites no South Dakota case or other legal authority to suggest that a 'class action waiver' is unconscionable in South Dakota. Plaintiff relies on *Szetela v. Discover Bank*, 97 Cal.App. 4 1094 (2002). As South Dakota law applies, *Szetela* is inapplicable."); *accord, Hoffman v. Citibank (South Dakota), N.A.*, Case No. SACV 06-0571 AG (MLGx) (C.D.Cal. Nov. 22, 2006) (unpublished).

This Court similarly finds, pursuant to applicable South Dakota law, as set forth above, that while the subject card agreement is a contract of adhesion, neither the arbitration clause as a whole nor the class action waiver provision is unconscionable. Specifically, the arbitration clause is not procedurally unconscionable, since it was

adopted in accordance with both the Card Agreement and South Dakota law,[3] and

Plaintiff had the opportunity to opt-out of the arbitration clause and retain the use of his

card until it expired.  Plaintiff suggests that the arbitration clause is nonetheless

procedurally unconscionable because he believed that opting-out of the arbitration

provision and/or cancelling his card would have somehow injured his credit rating.

However, he has provided no factual basis for that assumption, nor has he cited any

legal authority holding that a plaintiff's subjective belief, even if unsupported or

unreasonable, should result in a finding of procedural unconscionability.  Neither is the

arbitration clause substantively unconscionable.  Although Plaintiff contends that the

clause is "one-sided" and "effectively precludes consumers from pursuing their

remedies," thereby leaving him without a remedy,[4] the Court disagrees.  Plaintiff has a

remedy which will allow him to pursue his rights under TILA and the NYGBL, though not

in the arguably more-favorable context of a class action. *See, Dale v. Comcast Corp.*,

498 F.3d 1216, 1222 (11th Cir. 2007) (Holding that "a contractual provision to arbitrate

Truth-In-Lending-Act (TILA) claims is enforceable even if it precludes a plaintiff from

utilizing class action procedures in vindicating statutory rights under TILA," while noting

that it would reach a contrary conclusion if the statute involved did not allow recovery of

attorney's fees.); *see also, Tsadilas v. Providian Nat. Bank*, 13 A.D.3d 190, 191, 786

N.Y.S.2d 478, 480 (1st Dept. 2004) ("The arbitration provision is enforceable even

though it waives plaintiff's right to bring a class action [under the NYGBL].") (citations

---

[3]Plaintiff admits that "South Dakota has statutorily approved the change-in-terms procedure utilized by Citibank to impose the arbitration clause." (Plaintiff's Memo of Law at 12)

[4]Plaintiff's Memo of Law at 17-18.

omitted), *lv. denied*, 5 N.Y.3d 702, 799 N.Y.S.2d 773 (2005).

CONCLUSION

Defendant's motion [#15] for an order directing Plaintiff to arbitrate his claim on an individual basis is granted, and this action is stayed pending the outcome of arbitration.

SO ORDERED.

Dated:     October 31, 2007
           Rochester, New York

                                          ENTER:


                                           /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge